UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES M. WESTFALL,

          Plaintiff,                     **Case No. 2:20-cv-4810**

                                      **JUDGE SARAH D. MORRISON**

      v.                             **Magistrate Judge Norah McCann King**

KILOLO KIJAKAZI,[1]
**Acting Commissioner of Social Security,**

          Defendant.

## REPORT AND RECOMMENDATION

      This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the Commissioner's denial of Plaintiff's applications for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* For the reasons that follow, the Undersigned recommends that the Commissioner's decision be affirmed.

**PROCEDURAL HISTORY**

      Plaintiff filed his applications for benefits on July 28, 2017, and August 2, 2017, respectively, alleging that he has been disabled since March 1, 2017. R. 217–20, 221-27. The applications were denied initially and on reconsideration, and Plaintiff requested a *de novo* hearing before an Administrative Law Judge ("ALJ"). On July 24, 2019, Plaintiff, who was represented by counsel, testified at an administrative hearing, as did a vocational expert. R. 37–

---

[1] Kilolo Kijakazi, the Acting Commissioner of Social Security, is substituted as Defendant in her official capacity. *See* Fed. R. Civ. P. 25(d).

56. In a decision dated October 30, 2019, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time between his alleged disability onset date and the date of that decision. R. 15–30. That decision became the final decision of the Commissioner when the Appeals Council declined review on July 10, 2020. R. 1–3.

## LEGAL STANDARDS

### Standard of Review

When reviewing a case under the Social Security Act, a court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence

2

standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

Following review of the entire record on appeal from a denial of benefits, a court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

**Sequential Evaluation Process**

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five**.** *Baker v. Barnhart*, 182 F. App'x 497, 499 (6th Cir. 2006); *Her v. Comm'r of Soc. Sec*., 203 F.3d 388, 391 (6th Cir. 1999).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step two.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of

Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id.* at §§ 404.1509, 416.909. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. §§ 404.1520(e), (f), 416.920(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. If the plaintiff's RFC does not permit the performance of his past relevant work, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC and age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

## ALJ DECISION AND APPELLATE ISSUES

Plaintiff was 48 years old on his alleged disability onset date. R. 28. Plaintiff meets the insured status requirements of the Social Security Act through September 30, 2022. R. 18. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date. *Id.*

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: chronic kidney disease, coronary artery disease, hypertension, history of transient ischemic attack, osteoarthritis of the bilateral knees, lumbar foraminal stenosis, overactive bladder,

obstructive sleep apnea, obesity, depressive disorder, and anxiety disorder. R. 18. The ALJ also found that Plaintiff's hepatic stenosis and gastroesophageal reflux disease were not severe. *Id.*

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. R. 18–20.

At step four, the ALJ found that Plaintiff had the RFC to perform light work subject to various additional exertional and non-exertional limitations:

After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform *a reduced range of light work* as defined in 20 CFR 404.1567(b) and 416.967(b). Specifically, he can lift and carry up to 20 pounds occasionally and up to 10 pounds frequently, but he can stand and walk no more than four hours in an eight-hour workday, and he can sit up to six hours in an eight-hour workday. He can occasionally climb ramps and stairs, and can never climb ladders, ropes, or scaffolds. *He can occasionally balance*, stoop, kneel, crouch, and crawl. He cannot work at unprotected heights, cannot operate dangerous moving machinery, and cannot drive commercial motor vehicles. He can adapt to occasional changes in a routine work setting.

R. 20 (emphases added). The ALJ also found that this RFC did not permit the performance of Plaintiff's past relevant work as a tractor trailer truck driver. R. 28.

At step five, the ALJ relied on the testimony of a vocational expert to find that a significant number of jobs–*i.e.*, approximately 86,000 jobs as an inspector and hand packager, 251,000 jobs as a packing line worker, and 67,000 jobs as a mail clerk– could be performed by an individual with Plaintiff's vocational profile and RFC. R. 29. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from March 1, 2017, Plaintiff's alleged disability onset date, through the date of the decision. R. 29–30.

Plaintiff disagrees with the ALJ's findings at steps four and five, and asks that the decision of the Commissioner be reversed and remanded with directions for the granting of benefits or, alternatively, for further proceedings. *Plaintiff James M. Westfall's Statement of Specific Errors,* ECF No. 13 (hereinafter "*Statement of Errors*"). The Commissioner takes the

position that the decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Memorandum in Opposition,* ECF No. 14.

**DISCUSSION**

Plaintiff 's single objection to the Commissioner's decision addresses the RFC found by the ALJ. As noted above, the ALJ found that Plaintiff's impairments left him with the RFC for a reduced range of light work, further limited to, *inter alia*, only occasional balancing. Plaintiff does not object to either finding but argues that this RFC is internally inconsistent because "an individual who can only balance occasionally is unable to perform light level work." *Statement of Errors*, ECF No. 13, PageID# 838. In support of this argument, Plaintiff refers to the Commissioner's definition of "occasional" as meaning "occurring from very little up to one-third of the time." SSR 83–10. Noting that "light work" can require "a good deal of walking or standing," 20 C.F.R. §§ 404.1567(b), 416.967(b), Plaintiff contends that "an individual [who] is only able to maintain their balance for 2 hours and 40 minutes out of an 8-hour workday, [cannot] also perform a great deal of standing and walking." *Statement of Errors*, ECF No 13, PageID# 839. Plaintiff also argues that this error in the ALJ's decision cannot be overlooked because, were he limited to only sedentary work, the Medical-Vocational Guidelines would direct a finding of "disabled." *See* 20 C,F,R, 404, Subpt. P, App'x 2, Rule 201.12. Plaintiff's argument is not well-taken.

First, Plaintiff cites to no authority for the proposition that a claimant limited to only occasional balancing cannot, as a matter of law, perform light work. Moreover, Plaintiff overlooks the fact that the Commissioner's regulations include in "light work" jobs that involve

either "a good deal of walking or standing" or "sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b). Most important to the resolution of this case, however, is that fact that, in finding that Plaintiff is not disabled despite this RFC, the ALJ relied on the expert testimony of the vocational expert.

The vocational expert was asked to assume an individual with Plaintiff's vocational profile and the RFC ultimately found by the ALJ. R. 53–55. In response, the vocational expert testified that such an individual could perform jobs that exist in significant numbers in the national economy, and the ALJ referred to those jobs in her decision. R. 54–55.

It is the Commissioner who is charged with the obligation to decide certain issues, such as a claimant's RFC. 20 C.F.R. §§ 404.1527(d), 416.927(d). Moreover, an ALJ does not err in relying on the testimony of a vocational expert so long as the hypothetical question posed to the vocational expert "accurately portray[s] a claimant's physical and mental impairments." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010). Here, the vocational expert was asked to assume the RFC found by the ALJ, which Plaintiff has not challenged. The testimony of the vocational expert, which Plaintiff likewise does not challenge, provides substantial support for the ALJ's finding that Plaintiff's RFC does not preclude substantial gainful employment. Under these circumstances, the decision of the Commissioner must be affirmed.

**CONCLUSION**

It is therefore **RECOMMENDED** that the Commissioner's decision be affirmed and that final judgment be entered pursuant to Sentence 4 of 42 U.S.C. § 405(g).

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  F.R. Civ. P. 72(b).

   The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


Date:  September 23, 2021        *s/Norah McCann King*
             NORAH McCANN KING
          UNITED STATES MAGISTRATE JUDGE